IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCEDES MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22 C 6755 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| HUMAN SERVICES, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER ON CERTAIN MOTIONS TO DISMISS

Dr. Mercedes Martinez has sued the Illinois Department of Human Services, Chicago-Read Mental Health Center, the Illinois Department of Central Management Services, Dr. Robert Sobut, and Ricardo Fernandez. Dr. Martinez asserts claims for race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and under the Illinois Human Rights Act, and for breach of contract and defamation. IDHS answered the Title VII claims and has moved to dismiss the state law claims for lack of federal subject matter jurisdiction, more specifically based on the Eleventh Amendment and state sovereign immunity. Chicago-Read has moved to dismiss on the basis that it is not a suable entity.

The Court grants Chicago-Read's motion to dismiss. Dr. Martinez did not file a response to the motion (and did not seek an extension) and has thus effectively conceded the point. The Court concludes that Chicago-Read—which is operated by IDHS—is not a suable entity. *See generally* 20 ILCS 1705/4(a) (giving IDHS the power to exercise authority over all facilities under its jurisdiction).

The Court also grants IDHS's motion to dismiss the state law claims that Dr. Martinez asserts against it, Counts 4 through 9. The Eleventh Amendment bars actions in federal court against a state, its agencies, and its officials in their official capacities. *See, e.g., Council 31 of AFSCME v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012). And state sovereign immunity rules apply to state law claims asserted in federal court. *See, e.g., Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). An Illinois statute, the Illinois State Lawsuit Immunity Act, immunizes the state from suit in any court except as provided under the Illinois Court of Claims Act. *See* 745 ILCS 5/1. (A separate provision of the Immunity Act provides an exception for claims under Title VII and various other federal employment discrimination statutes. *See id.* 1.5.) In response, Dr. Martinez cites provisions of a different statute, the Local Government and Governmental Employees Tort Immunity Act, but that doesn't apply here, as the agencies she has sued are state agencies, not local governmental agencies. Dr. Martinez may assert these claims, if at all, only in the Illinois Court of Claims.

## Conclusion

For the reasons stated above, the Court grants Chicago-Read Mental Health Center's motion to dismiss [37] and terminates it as a defendant. The Court also grants the Illinois Department of Human Services' motion to dismiss [36] and dismisses Counts 4 through 9 of the amended complaint as asserted against that defendant. The case remains set for a telephonic status hearing on July 12, 2023 as previously ordered.

Date: July 11, 2023

_____
MATTHEW F. KENNELLY
United States District Judge

2